[Crim. No. 755.   In Bank.—November 20, 1901.]

## THE PEOPLE, Respondent, v. ALBERT C. ENWRIGHT, Appellant.

CRIMINAL LAW—JURY—SPECIAL VENIRE SUMMONED BY DEPUTY COR-ONER—CHALLENGE TO PANEL—DEPARTURE FROM STATUTE.—A challenge to the panel of trial jurors, completed upon a special *venire* summoned by a deputy coroner from a list of names from a particular township furnished to him by the coroner, should be allowed, under section 1059 of the Penal Code, on the ground of material departure from the forms prescribed by statute for the drawing and return of the jury.

ID.—MURDER—ERRONEOUS INSTRUCTION AS TO MOTIVE—CASE AFFIRMED.—Upon a prosecution for murder, where the defendant relied wholly upon self-defense, and that the shot was fired to prevent injury to himself, and the testimony was conflicting as to who was the aggressor, and as to whether the shooting was justified, an instruction as to motive, which was an argument for the prosecution, and assumed a contention of defendant's counsel that without proof of motive no crime was shown, and which states that motives were difficult to prove, and suggested that the prosecution could

be aided by the possibility of a concealed motive of which there was no proof, is erroneous, and violative of section 19 of article VI of the constitution. (*People* v. *Vereseneckockockhoff*, 129 Cal. 497, affirmed.)

ID. — MOTIVE, HOW PROVED. — The motive for a murder may be inferred from evidence which would warrant it, without express proof; but the prosecution cannot be excused from making convincing proof upon the point by proof of the killing and of any circumstances tending to show a wicked or criminal motive or intent.

APPEAL from a judgment of the Superior Court of Mono County and from an order denying a new trial. W. H. Virden, Judge.

The facts are stated in the opinion of the court.

William O. Parker, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

TEMPLE, J.—The defendant was tried for murder, and convicted of the crime of murder in the second degree. He appeals from the judgment and from an order refusing a new trial.

The first point urged arises from a challenge to the panel of trial jurors. Some objection might be urged against the sufficiency of the challenge, because it did not include a statement of the facts constituting the ground of the challenge, as required by section 1060 of the Penal Code. The attorney-general urges no such objection, however, and there is a statement of the facts in the record, which is defective only in that it does not expressly appear to have been a part of the challenge and stated as the ground of it. The challenge was on the ground of a material departure from the mode provided for the drawing and return of the jury, and it was directed against the additional panel summoned by George Hughes, as deputy coroner. The facts stated are: "The regular panel being exhausted, a special *venire* was ordered, and placed in the hands of the coroner, who appointed one George G. Hughes a deputy to go to Antelope township to summon jurors, giving said deputy a list of names to be summoned; said deputy summoned all the persons named in said list who could be found." The district attorney excepted to the challenge, and the exception was sus-

tained. At least, such is the effect of what was done. The court said, "There is no necessity of ruling upon the challenge; the defendant will have the full benefit of his challenge if there is anything in it," and proceeded to impanel the jury from the list so returned.

That the challenge was authorized for this cause, by section 1059 of the Penal Code, I have no doubt. The section differs much from the provision in regard to the challenge of a grand jury, which was the matter under consideration in *People* v. *Southwell*, 46 Cal. 142, and in *Bruner* v. *Superior Court*, 92 Cal. 239.

That the mode adopted for the summoning of the jury was a material departure from the forms of law, and one which may have been quite injurious to the defendant, is manifest from the provisions of section 1064 of the Penal Code: "When the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror." The deputy who, as a sort of messenger-boy, served such notice as his principal required, may have been entirely unbiased, while the principal who selected the jurors to be summoned may have been full of prejudice, and engaged to the uttermost of his power in securing a conviction. For the possible effect of such practice, I refer to the opinion of Justice McFarland in the case of *Bruner* v. *Superior Court*, 92 Cal. 239.

The point that the special *venire* was placed in the hands of the coroner, rather than in those of the sheriff, without any showing why, cannot be raised on this record. No such fact was stated as the basis of the challenge.

The above error is, of itself, sufficient to necessitate a reversal, but since there will probably be a new trial, a further error may be noted. The court gave substantially the same instruction in regard to motive which was held to be erroneous in *People* v. *Vereseneckockockhoff*, 129 Cal. 497. It was there declared that giving such an instruction was a violation of section 19 of article VI of the constitution, and was, furthermore, an argument for the prosecution. It assumed that the defendant's counsel was contending that without proof of motive no crime was shown, and it suggested that the prosecution could be aided by the possibility of a motive in regard to

which there was no proof, in determining the vital question of the case.

The defendant, admitting the homicide, contended that it was in necessary self-defense. The evidence was conflicting as to who was the aggressor, and as to whether appearances at the time the fatal shot was fired would justify a reasonable man in believing himself in danger. Defendant testified, in effect, that there was no quarrel between himself and the deceased; that he had no grudge against him, and no desire or motive to injure him, and that while passing peaceably along the street a sudden, unprovoked, and furious assault was made upon him, and that he found it necessary to shoot the deceased to save himself from serious bodily harm. His evidence differed from that of the prosecution, which tended to show an unprovoked assault on the part of the defendant. The sole defense was that the shot was fired to prevent injury to himself, and for no other purpose. Here the court steps in and tells the jury that motives are difficult to prove, that no one can lay bare the secrets of the mind, and that there may have been a concealed motive, although it was impossible to prove any. This was the ultimate question upon which the jury were to pass. All the evidence, in some sense, bore upon this point, and the jury ought not to have been told that they could imagine the wicked motive without proof.

Of course, such motive could have been inferred from evidence which would warrant it, without express proof. The killing itself, and many circumstances, may have tended in that direction, but this was not the effect of the instruction. Unless it was intended to excuse the prosecution from making convincing proof upon the point, it is impossible to see why it was given.

The judgment is reversed and a new trial awarded.

McFarland, J., Harrison, J., Van Dyke, J., and Henshaw, J., concurred.

ᴵ GAROUTTE, J., concurring.—I concur in the judgment and order of reversal upon the first ground stated.